EDWARD SHEA

*v.*

MARGARETHA TEUFERT.

*Opinion filed February 17, 1904.*

DEEDS—*when a decree setting aside deed will be sustained.* A decree setting aside a deed will be sustained where the evidence shows that complainant, an aged woman, was induced to transfer property worth some $8000 for other property represented as unencumbered but which was mortgaged for practically all its value, and that three-fourths of the cash balance she was to have was retained by one of the defendants under various pretexts.

APPEAL from the Superior Court of Cook county; the Hon. JESSE HOLDOM, Judge, presiding.

ELMER H. ADAMS, for appellant.

JOHN STELK, (ALBION CATE, of counsel,) for appellee.

UTT BROS., for John C. Butts.

Mr. JUSTICE WILKIN delivered the opinion of the court:

Appellee filed her bill in the superior court of Cook county to set aside a deed of conveyance from her to appellant.

Appellee was the owner of a certain piece of property in Chicago known as No. 585 South Central Park avenue, consisting of a three-story brick flat-building with three apartments and of the value of about $8000. She was seventy-three years old and in poor health, residing in one of the flats with her husband, who was sixty-nine years of age and also in poor health. They were both Germans, and claimed to be unable to speak or understand the English language. Defendant John C. Butts was a real estate agent and had the above described property in his charge for sale or trade. In September, 1902, he took the appellant, Shea, to look at the property as a prospective buyer, and as a result of that visit

a written agreement was entered into, which provided that appellee should transfer to Shea the property in question and receive in exchange therefor three other pieces of property and $2000 in cash. The transfers were subsequently made in pursuance of such agreement, and the appellant mortgaged the property in question to one Olin, as trustee, for the sum of $4500, out of the proceeds of which he was to pay $2000 to appellee and $1500 for one of the pieces of property which had been conveyed to her, and which, at the time of the transfer, belonged to a third party. Some time after the conveyances had been made appellee discovered that the property which she had received was mortgaged for about all it was worth, and she immediately filed her bill in the superior court of Cook county to set aside her deed of conveyance to appellant, on the ground that such deed and her contract of sale were obtained from her by the appellant and defendant Butts by fraud and misrepresentations. Several others were made parties defendant to the bill, but as the action was dismissed by the trial court as to them, their rights need not be considered.

Upon a hearing before the court a decree was entered, which found that the material averments of the bill had been proven and that fraud had been practiced upon the appellee in the procurement of said deed, and that both the defendant John C. Butts and Edward Shea were parties to the fraud, and that the conveyance from appellee to appellant, Shea, should be set aside and vacated. The decree further provided that the defendants should be credited with $546.80 which they had paid to appellee on the $2000 cash which she was to receive; that the trust deed, or mortgage, which appellant had placed on the property conveyed to him by her, amounting to $4500, could not equitably be set aside as to the holder thereof, but that the balance of the encumbrance, amounting to $3953.20, should be charged against the defendants Butts and Shea, and the cause was referred to the master in

chancery to ascertain the proportion of that amount which should be charged against each of them. The court also decreed that the receiver who had previously been appointed should continue in charge of several other pieces of property belonging to appellant, including those for which he had made deeds, until the rents and profits derived therefrom should be sufficient to satisfy the money decreed against the defendants. The defendant Edward Shea alone appeals. The only ground of reversal urged by him is, that the decree of the court below is not sustained by the evidence.

In support of her bill, the appellee testified, through an interpreter, that she was seventy-three years of age and in poor health; that her husband was sixty-nine years of age, and at the time the contract in question was entered into was confined in a hospital with a broken arm; that the property conveyed by her consisted of a three-story brick flat-building about six years old, modern in all respects and heated by a hot water plant; that it would reasonably rent for $50 dollars per month; that the defendant Butts came to her and wanted to sell her house; "came in July, 1902, with another man,—I think Mr. Shea;" that at his request she permitted him (Butts) to take charge of the said property; that at the time he brought Shea to see it, he told her that the property for which she was trading was of the value of about $8000 and would be worth $10,000 or $11,000 in the spring; that it was free from encumbrance, and if she would permit him to trade, he would treat her as a mother and make money for her. She further testified that she was unable to speak or understand the English language, and that at the time she signed the contract of sale its contents were not explained to her and she did not know what she was signing, and at the time the deed of conveyance was made she did not understand it was a deed and did not understand that she was conveying her property. Her husband also testified to the same statement by

the defendants as to the relative values of the property. They were both contradicted, in the main, by both of the defendants, and if the case depended altogether upon the testimony of witnesses we should hesitate to affirm the decree. Other facts and circumstances proved in the case are entitled to serious consideration and weight. At the time the trade was entered into, appellee owned property of the reasonable value of $8000, free from encumbrance. After the trade had been entered into she received three pieces of property, all of which were much inferior in value to that which she parted with,—one encumbered by a mortgage of $3000, worth, as testified to by defendants' own witnesses, but $4630, the other two pieces being encumbered for about their full value. The evidence shows that appellee received practically no real estate in exchange for the property which she transferred to appellant, and that of the $2000 which she was to receive from appellant in cash, she got but $546, the balance being consumed in commissions charged by the defendant Butts, in the payment of judgments claimed to exist against her, and in the satisfaction of an attachment proceeding which was secured to be issued against her by the defendant Butts.

From all the evidence in the record, it would seem that the transaction as to the complainant below was most unconscionable and should not be upheld in a court of equity. It is also to be observed that in the trial of the case in the court below the testimony was taken before the chancellor in open court. He saw the witnesses and heard them testify, and as we have often held, his decree under those circumstances will only be set aside when it is clearly against the weight of the evidence. In this case we think the decree of the superior court was justified by all the facts and circumstances proved.

*Decree affirmed.*